# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Case No. 09-cr-00230-DME

UNITED STATES OF AMERICA,

      Plaintiff,

v.

CHRISTOPHER MICHAEL BASS,

      Defendant.

---

## ORDER

---

      Defendant Christopher Bass is charged with two counts of possessing a firearm in violation of 18 U.S.C. § 922(g)(1), (Doc. 1) and he proceeds pro se. On June 7, 2010, the government filed its notice of intent to introduce certain evidence that could fall under Federal Rule of Evidence 404(b). (Doc. 97.) The government represented its intent to introduce evidence that Bass was convicted in Missouri on April 18, 1991, of two different, albeit factually related, offenses: (1) unlawful use of a weapon (Case No. 901-01917); and (2) second degree burglary (Case No. 901-0306A). (Id. at 3.) The government indicated it intended to introduce these convictions to prove Bass is "prohibited from possessing a firearm" under 18 U.S.C. § 922(g)(1). (Id.) It also indicated that Bass' conviction for unlawful use of a weapon may be introduced to show "that the Defendant is both familiar with firearms and has knowledge that he is prohibited from possessing firearms." (Id.).

      The defendant filed a response to the government's notice on June 17, 2010. Bass described his filing as an "objection and respons [sic] to the Government's intention to use evidence of other crimes, wrongs or bad acts under Rule 404(b)." (Doc. 113 at 2.) In the filing, Bass argues that both of his alleged Missouri convictions are inadmissible. (Id. at 2-3.) Bass again raised his objections to the government's use of his alleged convictions during a pretrial hearing on June 21, 2010. Because Bass appears pro se, the Court, inter alia, construes Bass' written and oral objections, taken together, as a motion in limine to exclude any evidence of his alleged prior convictions. See United States v. Guerrero, 488 F.3d 1313, 1316 (10th Cir. 2007) (providing that

1

courts may construe pro se filings liberally so that they "conform[] to the appropriate procedural rule").

Bass raises two arguments as to why the Court should exclude his alleged prior convictions. First, he argues that he was not "convicted" for purposes of § 922(g)(1) because he pled guilty and received a suspended imposition of sentence requiring him to serve 2 years' probation, which he argues does not constitute a "conviction" under Missouri law because he successfully completed his probation. Second, he argues that even if he was convicted, his civil rights were restored, and, therefore, his convictions cannot serve as predicate convictions for a § 922(g)(1) charge. The Court addresses each of these issues in turn.

I. **Suspended Imposition of Sentence (Burglary Conviction)**

Bass first argues that the evidence of his prior convictions cannot be admitted because he was not "convicted" for purposes of § 922(g)(1). 18 U.S.C. § 922(g)(1) makes it unlawful to possess a firearm if a person has been "convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 921(a)(20) provides that "[w]hat constitutes a conviction of [a crime punishable by imprisonment for a term exceeding one year] shall be determined in accordance with the law of the jurisdiction in which the proceedings were held." See also United States v. Flower, 29 F.3d 530, 533 (10th Cir. 1994). Thus, here, the Court looks to Missouri law to determine whether Bass was "convicted." Bass argues that he was not "convicted" because he pled guilty and received and successfully discharged a suspended imposition of sentence.

As a preliminary matter, this argument applies only to Bass' conviction for second degree burglary, not his conviction for unlawful use of a weapon, at least based on the information presently before the court.[1] For his burglary conviction, the Missouri court imposed a suspended imposition of sentence that required Bass to serve 2 years' probation. (See Circuit Court Docket Sheet, Report CZR0026; see also Judge's Docket Sheet Case No. 901-0003060A, Entry Dated 4/18/1991, Ref. No. 02-03.). For his conviction for unlawful use of a weapon, however, Bass received a suspended

---

[1] After the pretrial hearing on June 21, 2010, the government tendered to the Court the state court files evidencing Bass' alleged prior convictions. The government, at least impliedly, represented to the Court the authenticity of these materials as well as its intent to introduce these materials at trial as evidence to prove Bass' prior convictions. It is based on these materials that the court issues this order, without drawing any conclusion as to their authenticity or ultimate admissibility at trial. As these materials do not include consecutive pagination, the Court has done its best to identify for the parties the sections on which it relies.

2

execution of sentence. On this conviction, the Missouri court sentenced him to 4 years imprisonment; however, the court suspended execution of that sentence and placed him on 2 years' probation to run concurrently with his sentence for the burglary conviction. (See Judge's Docket Sheet Case No. 901-01917, Entry Dated 4/18/1991, Ref. Nos. 02-04; see also Court Order Dated 4/18/1991.) It also appears that Bass successfully completed his probation on both counts and never served prison time. (Judge's Docket Sheet Case No. 901-0003060A, Entry Dated 3/23/1993, Ref. Nos. 01-03 (burglary conviction); see also Judge's Docket Sheet Case No. 901-01917, Entry Dated 3/23/1993, Ref. Nos. 01-03 (conviction for unlawful use of a weapon).

After reviewing Missouri case law, the Court agrees with Bass that Missouri law appears to define a plea of guilty where a defendant receives a suspended imposition of sentence as not constituting a conviction on which the government could predicate a § 922(g)(1) conviction. In Yale v. Independence, 846 S.W.2d 193 (Mo. 1993) (en banc), the Missouri Supreme Court held that a city personnel manual that allowed the city to terminate an employee with a "'conviction of a felony, criminal offense, or crime of moral turpitude'" did not cover an employee who had pled guilty to a crime but received a suspended imposition of sentence. Id. at 196. The court explained that "[t]he obvious legislative purpose of the sentencing alternative of suspended imposition of sentence is to allow a defendant to avoid the stigma of a lifetime conviction and the punitive collateral consequences that follow." Id. at 195. Although the court acknowledged that some collateral consequences may still apply, it explained that the term "conviction" is not intended to apply to guilty pleas followed by a suspended imposition of sentence. See id. ("Had the legislature intended to define 'conviction' to include the disposition of suspended imposition of sentence in all cases, it would have done so."). More broadly, the court stated that "the legislature would have provided neither for a disposition of suspended imposition of sentence, nor for closure of the records of that disposition[2], had it not the purpose to allow a defendant to avoid a permanent conviction." Id. at 196. Other Missouri cases have also recognized the difference between a conviction and a finding of guilt followed by a suspended imposition of sentence. See, e.g., Carr v. Sheriff of Clay County, 210 S.W.3d 414, 416-17 (Mo. Ct. App. 2006) (explaining that a concealed weapons permitting statute that restricted permits for individuals that have "pled guilty" or "been convicted" of a felony covers an individual that received a suspended imposition of sentence pursuant to a guilty plea, but acknowledging that the individual would not be restricted had the only restriction been limited to conviction). At least one federal district court case has interpreted Missouri law in this manner as well. See United States v. Solomon, 826 F. Supp. 1221, 1223-24 (E.D. Mo. 1993) (explaining

---

[2] As Bass pointed out, Missouri has special rules governing the confidentiality of arrest records where a defendant receives a suspended imposition of sentence. See Mo. Rev. Stat. § 610.105-1.

3

that the Yale decision "focuses not on the plea but on the suspended imposition of sentence and leads the undersigned to conclude that a suspended imposition of sentence, regardless of the determination of guilt, does not result in a 'conviction' for the purposes of 18 U.S.C. § 921(a)(20) and § 922(g)(1)"); see also United States v. Hill, 210 F.3d 881, 883 (8th Cir. 2000) (citing, in passing but with approval, Solomon).

Based on the aforementioned cases, the Court concludes that Bass' burglary conviction, which resulted in a suspended imposition of sentence that was ultimately discharged by successful completion of probation, cannot serve as a predicate offense for purposes of proving a § 922(g)(1) violation, which was apparently the sole reason the government offered for introducing it. Therefore, the Court orders evidence of that conviction inadmissible for the presently proffered purpose of establishing a predicate conviction under 18 U.S.C. § 922(g)(1).

## II. Suspended Execution of Sentence (Unlawful Use of Weapons Conviction)

As the Court has noted, while Bass was given a suspended imposition of sentence for his second degree burglary conviction, he was given a suspended execution of sentence for the unlawful use of weapons conviction. To the extent Bass argues that a suspended execution of a sentence is not a conviction under Missouri law, the Court concludes to the contrary. See Barnes v. State, 826 S.W.2d 74, 76 (Mo. Ct. App. 1992) ("In the case of an SES [i.e., a suspended execution of sentence], a criminal conviction has been entered, and there is no prosecution 'pending.'); see also Edwards v. State, 215 S.W.3d 292, 295 (Mo. Ct. App. 2007) ("When a court suspends the execution of sentence, only the act of executing the sentence has been suspended; a criminal conviction has been entered and the sentence has been assessed. A suspended execution of sentence is a final judgment."); State v. Bachman, 675 S.W.2d 41, 46 (Mo. Ct. App. 1984) (explaining that "under" a "suspension of execution of sentence . . . the defendant has a record of conviction").

## III. Restoration of Civil Rights (Unlawful Use of Weapons Conviction)

Now that the Court has established that the unlawful use of weapons conviction does indeed count as a conviction notwithstanding its suspended execution of the sentence, Bass next argues that that conviction cannot serve as a predicate conviction for a § 922(g)(1) charge because Missouri has restored his civil rights. The Court disagrees, and denies Bass' motion in limine with respect to the admission of evidence that he was convicted for unlawful use of a weapon.

As noted above, § 922(g)(1) prohibits possession of a firearm by an individual convicted of "a crime punishable for a term exceeding one year." Section 921(a)(20)

provides that certain convictions cannot serve as a predicate conviction for a
§ 922(g)(1) violation:

> Any conviction which has been expunged, or set aside or for which a person has been pardoned or <u>has had civil rights restored shall not be considered a conviction for purposes of this chapter</u>, <u>unless such</u> pardon, expungement, or <u>restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.</u>

(emphasis added).[3]  The Court looks to the disabilities imposed by Missouri law to determine whether Bass' civil rights were restored following his conviction for unlawful use of a weapon.  See Flower, 29 F.3d at 533, 536 (looking to disabilities imposed by state law).

The Court concludes that Bass has not had his civil rights adequately restored under Missouri law to prevent the government from using Bass' conviction for unlawful use of a weapon as a predicate conviction for the § 922(g)(1) charge.  Some of Bass' civil rights may have been restored by operation of Missouri law.  See e.g., Mo. Rev. Stat. § 115.133(1) & § 561.026(1)-(2) (automatically restoring right to vote upon discharge of sentence and probation or parole, unless conviction was for an offense related to the right of suffrage); id. § 561.021 (prohibiting right to serve in public office until completion of sentence or probation, unless convicted for crime related to right of suffrage).  However, Bass still cannot serve on a jury, see id. § 561.026(3) (providing that a person convicted of "any felony shall be forever disqualified from serving as a juror"), nor can he hold office as a sheriff, see id. § 57.010 ("No person shall be eligible for the office of sheriff who has been convicted of a felony."), nor work as a highway patrol officer or radio personnel for the highway patrol, see id. § 43.060 ("No person shall be appointed as superintendent or member of the patrol or as a member of the radio personnel who has been convicted of a felony.").

Missouri's extant prohibition against Bass serving on a jury, on its own, prevents the Court from concluding that Bass' civil rights were restored.  See Flower, 29 F.3d at 536 ("The acknowledgment [by the defendant that he] has not had restored his right to sit on a jury is an acknowledgment that his civil rights have not adequately been restored to disqualify the use of those convictions as predicate convictions for the § 922(g)(1) charge."); see also United States v. Fisher, 38 F.3d 1144, 1147 (10th Cir. 1994) ("Defendant's inability to serve on a jury means that he has not had his civil rights fully restored for his Oklahoma felony convictions.").  And, in any event, the Court agrees with the analysis of two circuit courts that have expressly held that the

---

[3] Section 921(a)(20) also excludes other types of convictions, but those exclusions are not pertinent to the case at hand.

combination of disabilities imposed on a convicted felon under Missouri law discussed above—namely, the prohibition on serving on a jury, as a sheriff, or as a highway patrol officer—constitutes a failure to restore the felon's civil rights for purposes of § 921(a)(20) and § 922(g)(1).  See United States v. Meeks, 987 F.2d 575, 577-78 (9th Cir. 1993); see also Presley v. United States, 851 F.2d 1052, 1053 (8th Cir. 1988).  Cf. United States v. Maines, 20 F.3d 1102, 1104 (10th cir. 1994).  Therefore, the government may offer evidence of Bass' alleged conviction for unlawful use of a firearm as a predicate conviction for the § 922(g)(1) charge.[4]

## CONCLUSION

For the reasons discussed above, Bass' motion in limine to exclude evidence of his alleged prior convictions is granted in part and denied in part.  The Court grants it with respect to Bass' alleged burglary conviction and denies it with respect to Bass' alleged conviction for unlawful use of a firearm.  If either party would like the Court to reconsider its order, they should file such a request and briefing by 4:00 p.m. on Friday, June 25, 2010.

DONE AND SIGNED this  23rd  day of   June  , 2010.

BY THE COURT:

*s/ David M. Ebel*

_____

U. S. Circuit Court Judge

---

[4] Bass' argument about the restoration of his civil rights focused on his belief that Missouri law authorizes him to purchase firearms.  However, even if the Court assumes for the sake of argument that Bass is correct about his right to possess firearms, Bass still cannot succeed on his argument that his rights were adequately restored for purposes of § 921(a)(20) because Missouri law prohibits him from serving on a jury, or as a highway patrol officer or sheriff.  See Flower, 29 F.3d at 536 ("Because we have held that the rights to vote, serve on a jury, and hold public office, as well as the right to possess firearms, must all be restored under § 921(a)(20) before a prior conviction may be excluded on the basis of restoration of civil rights, [the defendant] cannot prevail on this issue . . . [because he has acknowledged that state law] has not . . . restored his right to sit on a jury.") (second emphasis added, citation omitted).  In this case we are concerned with a federal law, 18 U.S.C. § 922(g)(1) (and not a state law), and the federal law makes it a crime for a person in defendant's situation to possess a weapon.