IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 13-cv-00213-DME
Criminal Action No. 09-cr-00230-DME

UNITED STATES OF AMERICA,

       Plaintiff - Respondent,

v.

CHRISTOPHER MICHAEL BASS,

       Defendant - Movant.

---

**ORDER DENYING MOTION, MADE UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(b), TO REOPEN THE COURT'S DECISION DENYING 28 U.S.C. § 2255 RELIEF**

---

This case comes before the Court on Defendant Christopher Bass's motion, made under Fed. R. Civ. P. 60(b), "to reopen" the Court's decision denying 28 U.S.C. § 2255 relief from his conviction for being a felon in possession of a firearm. (Doc. 219.) For the following reasons, the Court DENIES that motion.

### I. Rule 60(b) motions in 28 U.S.C. § 2255 proceedings

Where, as here, the Court has already denied a defendant's motion for 28 U.S.C. § 2255 relief, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the defendant's ability to assert second or successive claims for § 2255 relief. See 28 U.S.C. §§ 2255(h), 2244. As Mr. Bass acknowledges, a defendant cannot avoid AEDPA's limitations by asserting second or successive § 2255 claims in the guise of a Rule 60(b) motion. See Gonzalez v. Crosby, 545 U.S. 524, 531-32 (2005). Nevertheless, a defendant can still pursue a "true" Rule 60(b) motion seeking relief from

the denial of § 2255 relief if he asserts "some defect in the integrity of th[at] federal habeas proceeding." Gonzalez, 545 U.S. at 532. Mr. Bass's Rule 60(b) motion, liberally construed, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam), contends that his § 2255 proceeding was defective because the Court failed to address several of the claims that he included in his § 2255 motion. See Peach v. United States, 468 F.3d 1269, 1270-71 (10th Cir. 2006) (per curiam). The Court will address the merits of those claims here. However, after further consideration, the Court concludes that they do not warrant relief.[1]

## II. Background

The claims that Mr. Bass asserts that this Court failed to address in its previous order denying § 2255 relief all concern the police discovering the firearm underlying Mr. Bass's felon-in-possession conviction in a black bag in his living room. Briefly summarized, the facts underlying that discovery are these[2]: Officers watched Mr. Bass's home and followed him as he drove away from his residence. After Mr. Bass committed several traffic infractions, the officers conducted a traffic stop and, finding a

---

[1] To the extent Mr. Bass argues in his Rule 60(b) motion that this Court's previous order denying him § 2255 relief was wrong, those contentions are second or successive claims for § 2255 relief that this Court cannot consider here. See Gonzalez, 545 U.S. at 532. So, too, are Mr. Bass's arguments that the Government committed fraud on the court during his prosecution, conviction and sentencing, see United States v. Baker, 718 F.3d 1204, 1207 (10th Cir. 2013), and that new evidence supports his previously denied § 2255 claims, see Spitznas v. Boone, 464 F.3d 1213, 1216 (10th Cir. 2006). If Mr. Bass is seeking to reassert such arguments in this Court, he must first obtain authorization to do so from the Tenth Circuit. See 28 U.S.C. §§ 2255(h), 2244(b)(3).

[2] The Court takes these facts from the Tenth Circuit's decision upholding Mr. Bass's conviction on direct appeal, United States v. Bass, 661 F.3d 1299, 1301-06 (10th Cir. 2011).

meth pipe in Mr. Bass's pocket, arrested him and took him to the police station. Thereafter, the officers returned to Mr. Bass's home, where they spoke with his girlfriend, Jessica Ramsey. Officers had previously seen Ms. Ramsey coming in and out of the home and she told the officers that she, too, lived at the residence with Mr. Bass. Ms. Ramsey consented to the officers searching the home and during the search told officers that Mr. Bass stored firearms in black bags, satchels or backpacks. One of the officers, Officer Alvarez, found a black leather bag in the living room and, looking inside it, discovered the revolver that formed the basis for Mr. Bass's felon-in-possession conviction.

### III.  Claims that Mr. Bass contends the Court failed to address in its previous order denying § 2255 relief

Mr. Bass contends that, although he included the following claims in his § 2255 motion, this Court did not expressly address these claims when the Court denied Mr. Bass § 2255 relief.[3]

#### A. Brady/Napue claim

In his claim alleging a "Prosecutorial Misconduct/Due Process Violation," which this Court characterized as a Brady/Napue claim,[4] Mr. Bass argued that Officer Alvarez, who discovered the gun in the black bag found in Mr. Bass's living room, lied when he

---

[3] In addition to these claims, Mr. Bass asserts, in a single sentence in his Rule 60(b) motion, that the Court did not address any of his due process claims. (Doc. 219 at 13.) But, because Mr. Bass mentioned "due process" in connection with each of the § 2255 claims that he asserted (Doc. 198 at 5-6), that contention is too vague to merit discussion. See United States v. Weeks, 653 F.3d 1188, 1205 (10th Cir. 2011) (noting "conclusory allegations unsupported by specifics [are] subject to summary dismissal").

[4] Brady v. Maryland, 373 U.S. 83 (1963); Napue v. Illinois, 360 U.S. 264 (1959).

testified at the suppression hearing that he did not realize that the bag belonged to Mr. Bass before looking inside it and discovering the gun. (Doc. 198 at 5, 9-11.) In its previous decision denying Mr. Bass § 2255 relief, the Court, quoting Mr. Bass's § 2255 motion, noted that Mr. Bass's argument was "that the prosecution's knowing solicitation of, or failure to correct, perjured testimony of how evidence was recovered from [Mr. Bass's] residence violated [his] due process rights and is grounds for new trial . . . [b]ecause there is a reasonable likelihood the false testimony affected the judgment of the jury, and of the district court during the suppression hearing." (Doc. 208 at 5.) The Court rejected that argument. (Id. at 5-9.)

Mr. Bass contends that the Court, in denying him relief on this claim, failed to address Mr. Bass's allegations that the prosecution also "withheld testimony" and that Officer Alvarez "was executing an extensive scheme to defraud the Court about his knowledge or awareness as to the ownership or 'privacy interest' [Mr. Bass] possessed in the black computer bag.'" (Doc. 219 at 1-2.) Even so, these allegations do not warrant § 2255 relief.[5]

---

[5] Mr. Bass's Brady/Napue claim is based on Officer Alvarez's purportedly inconsistent testimony during the suppression hearing and at trial. During the suppression hearing, Officer Alvarez testified that, at the time he looked inside the black bag, he did not know whose bag it was. At trial, the officer testified that, when he found the black bag in the living room, he thought it was significant because Ms. Ramsey had just told the officers that Mr. Bass stored guns in black bags. From this "inconsistent" testimony, Mr. Bass contends that Officer Alvarez was lying at the suppression hearing when he testified he did not know whose bag it was before he opened it. This Court, in its earlier decision denying Mr. Bass § 2255 relief, determined that this purported inconsistency "was not as damning as [Mr. Bass] lets on, and it would be a stretch for this Court to find a false statement on that basis alone." (Doc. 208 at 8.) In addition, the Court denied § 2255 relief because, even if Officer Alvarez's suppression-hearing testimony was false, Mr. Bass presented no evidence that the prosecution knew it was false. (Id.) Another

And even if they did, the Court alternatively denied Mr. Bass § 2255 relief because Mr. Bass procedurally defaulted his Brady/Napue claim by not raising it on direct appeal. (Doc. 208 at 7.) These additional allegations do not change that result.

**B. Ineffective-assistance claims**

Mr. Bass asserts, in his Rule 60(b) motion, that the Court also failed to address several of his § 2255 claims alleging defense counsel was ineffective. In order to prevail on those ineffective-assistance claims, Mr. Bass had to show both that defense counsel's performance was deficient and that the deficient performance prejudiced his defense. See Strickland v. Washington, 466 U.S. 668, 687 (1984).[6]

---

problem with Mr. Bass's Brady/Napue claim is that it is based on the faulty premise that Mr. Bass's girlfriend, Jessica Ramsey, could not consent to the officers searching the black bag if they knew the bag belonged to Mr. Bass. From that faulty premise, Mr. Bass argues in his Rule 60(b) motion that Officer Alvarez lied when he testified at the suppression hearing that he did not know that the black bag belonged to Mr. Bass at the time the officer looked inside it and found the gun; and that, under the circumstances, Officer Alvarez was required to ask the girlfriend, Ms. Ramsey, to whom the bag belonged before looking inside it (this appears to be a new argument raised for the first time in the Rule 60(b) motion). (Doc. 219 at 1-2.) But the Tenth Circuit, in affirming Mr. Bass's conviction on direct appeal, assumed that the black bag belonged to Mr. Bass. That court, nevertheless, held that Ms. Ramsey could still validly consent to the officers searching the bag: "In light of the relationship between [Mr. Bass] and Ms. Ramsey, the officers could reasonably believe that he had 'assumed the risk' that she might look into the bag for missing items (such as a computer, a magazine, a CD, or even a gun) or, more pertinent to our case, allow someone else to examine the contents." Bass, 661 F.3d at 1306. So even if Officer Alvarez had lied when he testified at the suppression hearing that he did not know that the bag belonged to Mr. Bass, or even if the officer asked Ms. Ramsey whose bag it was and she responded that it was Mr. Bass's, it would not have affected the district court's (Chief Judge Daniel's) decision to deny Mr. Bass's motion to suppress.

[6] As an initial matter, Mr. Bass contends that the Court failed to recognize that his ineffective-assistance claims were asserting constitutional violations: "The Court skirted merits & facts of this claim when it changed Movant['s] argument from constitutional law to case law." (Doc. 219 at 3.) Presumably Mr. Bass believes that the Court did not treat

### 1. Claim that defense counsel failed to challenge the officers' warrantless search of Mr. Bass's residence

This Court, in its previous decision denying Mr. Bass § 2255 relief, characterized his first ineffective-assistance claim as alleging that his attorneys failed to challenge "the fact that the officers conducted a search of Mr. Bass's trailer without a warrant." (Doc. 208 at 9.) The Court rejected that argument because 1) the record established that Mr. Bass's attorneys did challenge the validity of the warrantless search, and even if they had not 2) Mr. Bass would not have been prejudiced because the warrantless search was properly based on Ms. Ramsey's consent. (Doc. 208 at 10-11.) In his Rule 60(b) motion, Mr. Bass contends that this Court failed to address his argument that his attorneys were ineffective for not asserting the specific argument that, because the officers had an opportunity to obtain a warrant to search his residence, they were required to do so instead of asking Ms. Ramsey to consent to the search of the home. (Doc. 219 at 4, 11-12.)

Even if defense counsel failed to make that particular argument, it did not prejudice Mr. Bass's defense because that contention lacks merit. "The police, even if there is both time and opportunity to obtain a warrant, may conduct a legal search with no more than the consent of a proper party." United States v. Carter, 569 F.2d 801, 803 (4th Cir. 1977) (per curiam); see also Schneckloth v. Bustamonte, 412 U.S. 218, 219

---

his ineffective-assistance claims as constitutional in nature because the Court referred to them as "Strickland claims." But Strickland specifically addressed a defendant's due process right to a fair trial and his Sixth Amendment right to counsel. Id. at 684-87. Therefore, this Court did not diminish Mr. Bass's constitutional claims that his attorneys provided deficient representation by referring to those contentions as Strickland claims. A Strickland consideration is a constitutional consideration.

(1973) (recognizing that a search conducted pursuant to consent is an exception to the Fourth Amendment's warrant requirement); Storey v. Taylor, 696 F.3d 987, 992 (10th Cir. 2012) (noting police can enter a home without a warrant "with the voluntary consent of the owner or a third party with apparent authority over the premises, or when exigent circumstances exist").[7]

### 2. Claim that defense counsel failed to argue that Mr. Bass's prior Missouri conviction could not support his federal felon-in-possession conviction

In previously denying Mr. Bass § 2255 relief, the Court characterized another of Mr. Bass's ineffective-assistance claims as alleging that defense counsel failed to argue "that Mr. Bass's prior felony conviction under Missouri law was not a predicate offense giving rise to liability under 18 U.S.C. § 922(g)(1) because Missouri had restored his right to own firearms." (Doc. 208 at 14.)  Such an argument is premised upon 18 U.S.C. § 921(a)(2), which provides that a prior felony conviction will not provide a predicate offense for a federal felon-in-possession charge if the defendant "has had [his] civil rights restored."  But § 921(a)(2) applies only if the defendant has had his rights to vote, serve on a jury, hold public office and possess firearms restored.  See United States v. Baer, 235 F.3d 561, 563 (10th Cir. 2000).

In his Rule 60(b) motion, Mr. Bass contends that his argument on this point was that defense counsel failed to argue that "the ambiguities in the Missouri law . . . should

---

[7] Mr. Bass contends that the Court also failed to address his argument that defense counsel should have argued that the officers had no reason to seize either the black bag, or the gun found in the bag, during the search of Mr. Bass's home because it was not apparent at that time that either object was evidence of a crime. (Doc. 219 at 5.) This argument does not warrant § 2255 relief, either.

be resolved in favor of [Mr. Bass] under the Rule of Lenity." (Doc. 219 at 15.)  That contention, however, still does not warrant § 2255 relief because Mr. Bass was not prejudiced by counsel's failure to assert this rule-of-lenity argument.  Even reading ambiguities in Missouri law in Mr. Bass's favor and, thus, assuming that Missouri has reinstated Mr. Bass's right to possess firearms, Mr. Bass does not contend that Missouri has also restored his rights to vote, hold office, and serve on a jury.  His Missouri conviction, therefore, can still serve as the predicate felony conviction underlying Mr. Bass's federal felon-in-possession offense at issue here.  See United States v. Flowers, 29 F.3d 530, 536 (10th Cir. 1994); see also Baer, 235 F.3d at 563; United States v. Jones, 530 F. App'x 747, 750-51 (10th Cir.) (unpublished) (addressing Missouri law restoring civil rights after convictions), cert. denied, 134 S. Ct. 548 (2013).

## IV.  Conclusion

The Court has considered Mr. Bass's Rule 60(b) motion for relief from the Court's earlier judgment denying him § 2255 relief, as well as his prior pleadings addressing § 2255 relief.  After doing so, the Court concludes that, even liberally construing Mr. Bass's pleadings, Rule 60(b) relief is not warranted.  The Court continues to be impressed by Mr. Bass's legal skills.  However, under the controlling law, the Court is required to DENY Mr. Bass's Rule 60(b) motion.

Dated this ___4th___ day of _____February_____, 2015.

BY THE COURT:

*s/ David M. Ebel*

_____
U. S. CIRCUIT COURT JUDGE